**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**SHELDON HENDRICKSON, Defendant**

Case No. SX-06-CR-216

Superior Court of the Virgin Islands

Division of St. Croix

January 12, 2007

CORNELIUS D. WILLIAMS, JR., ESQ., Assistant Attorney General, Department of Justice, St. Croix, V.I., *Attorney for Plaintiff.*

EDWARD HASKINS JACOBS, ESQ., Jacobs & Brady PC, St. Croix, V.I., *Attorney for Defendant.*

BRADY, *Judge*

## Memorandum Opinion

(January 12, 2007)

THIS MATTER came before the Court for sentencing on December 7, 2006. At the sentencing hearing, counsel for the Defendant recommended that any sentence of incarceration be suspended. Counsel for the People objected to this recommendation, and, citing Title 14 V.I.C. § 2253(a) as the applicable sentencing statute, postulated that the Court was required to impose a mandatory minimum sentence of one (1) year imprisonment.

This Court adjourned the sentencing hearing to permit the Defense and People to submit written briefs on their respective positions. In addition to the Sentencing Memorandum submitted by Defendant's counsel, Edward H. Jacobs, Esq., the People's Memorandum in Opposition to Probation or Suspension of Sentence filed by Cornelius Williams, Esq., Assistant Attorney General, and a Reply by Defendant's counsel, the Court was further enlightened by an Amicus Curiae Memorandum authored by Harold R. Washington, Esq., Territorial Public Defender, which included an Order dated October 22, 2004 by Presiding Judge Maria M. Cabret addressing the same issue now before this Court.

At the outset, this Court agrees with Defense Counsel's assertion that the Rule of Lenity is applicable to the case. BLACK'S LAW DICTIONARY (8th Edition) defines the Rule of Lenity as "[t]he judicial doctrine holding that a court in construing an ambiguous criminal statute that sets out multiple or inconsistent punishments should resolve the ambiguity in favor of the more lenient punishment." As noted in the Memorandum by the Defense, both the Third Circuit Court of Appeals and the District Court have recognized and approved this rule of statutory construction in appeals of criminal cases arising under the laws of the Virgin Islands. *Gov't of the Virgin Islands v. Knight*, 989 F.2d 619, 28 V.I. 249, 271 (3d Cir. 1993); *Gov't of the Virgin Islands v. Etienne*, 810 F. Supp. 659, 28 V.I. 121, 130 (D.C.V.I. 1992). But the application of the lenity rule does not entitle this Defendant to a non jail sentence nor prevents this Court from ordering a period of incarceration. This Court, however, will give this rule due consideration in reaching a sentencing decision.

While the People's oral and written arguments rely solely on Title 14 V.I.C. § 2253(a) in support of a mandatory minimum of one (1) year

sentence, both the Defense and the Amicus briefs identify Title 14 V.I.C. § 2254 as the controlling statute. This Court concurs with and adopts the latter position in deciding the issue presented in this case. Indeed, in this Court's view, the matter in issue was decisively resolved by Presiding Judge Maria M. Cabret in *Gov't of the Virgin Islands v. Mena,* Case No. SX-03-CR-213, Amended Order (V.I. Super. Ct., October 22, 2004). Faced with the same issues raised in this case, namely, whether the Court is precluded from probating or suspending a term of imprisonment on a defendant convicted by jury verdict (or, as in this case, by guilty plea) of Unauthorized Possession of a Firearm pursuant to 14 V.I.C. § 2253(a), Judge Cabret identified and scrutinized the applicable statutory provisions.

In so doing, the Court noted that the annotation of 14 V.I.C. Code § 2254(b) as printed in the Virgin Islands Code Annotated, omitted an amendment made by the Virgin Islands Legislature in 1996. This amendment essentially added the requirement that the possession of the firearm pursuant to subsection (a) or (b) of section 2253 "during the commission or attempted commission of a crime of violence," would enhance the punishment and prohibit any suspension, probation or parole prior to service of the mandatory minimum sentence. In the words of Judge Cabret: "It is clear that the supplement to the code erroneously omitted the language of the 1996 amendment. Nevertheless, a printing error cannot eviscerate an Act of the Legislature." *Gov't of the Virgin Islands v. Mena,* Case No. SX-03-CR-213, Amended Order (V.I. Super. Ct., October 22, 2004).

Based on Judge Cabret's interpretation of the applicable statutes—which this Court accepts as manifestly correct—it is clear that a defendant facing sentencing for the crime of Unauthorized Possession of a Firearm under 14 V.I.C. § 2253(a) is subjected to a mandatory minimum period of incarceration only if the firearm was possessed during the commission of a crime of violence. As most recently amended in December 2001 by the Legislature, these criminal offenses are listed in 23 V.I.C. § 451(e).

Turning now to this case, the Defendant entered into a Plea Agreement and pled guilty to Count II of the Information charging him with a violation of 14 V.I.C. § 2253(a). Under the Plea Agreement, the People agreed to dismiss Count I (Simple Possession of a Controlled Substance) and Count III (Possession or Sale of Ammunition).

Consequently, Defendant is subject to being sentenced to a maximum of five (5) years. Neither of the two (2) other Counts of the Information are crimes of violence as defined in 23 V.I.C. § 451(e), and since the gun was found by the arresting officer in the Defendant's vehicle during a routine traffic stop, there can be no finding or conclusion that the Defendant possessed the firearm while committing a crime of violence. Under these facts and circumstances, this Court in its discretion may suspend the service of any sentence of incarceration, and, in lieu thereof, place the Defendant on Probation.